**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Jamie Neil Capalbo, | ) |
|              Petitioner, | ) C/A No. 1:19-cv-1946-TMC ) ) |
| v. | ) **ORDER** |
| B.M. Antonelli, Warden of FCI Williamsburg, | ) ) ) ) |
|              Respondent. | ) ) ) |

This matter is before the court on Respondent B.M. Antonelli's ("Respondent") motion for summary judgment (ECF No. 19) as to pro se Petitioner Jamie Neil Capalbo's ("Capalbo") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. The magistrate judge filed a Report and Recommendation ("Report") recommending that this court grant Respondent's motion for summary judgment and dismiss Capalbo's § 2241 petition without prejudice for lack of jurisdiction. (ECF No. 23 at 15). Capalbo subsequently filed objections to the Report. (ECF No. 29). The matter is ripe for review.

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct

the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Capalbo filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. Background/Procedural History

In the Report, the magistrate judge summarized the procedural history and background, and Capalbo did not object to that portion of the Report. (ECF No. 23 at 2–3). Briefly, on July 17, 2015, Capalbo pled guilty in the United States District Court for the Southern District of Florida to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g), 924(e). (ECF Nos. 1 at 1; 23 at 2; 19-1 at 1–2). The sentencing court classified Capalbo as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA") and imposed a sentence of 180 months as to each counts, to be served concurrently. (ECF Nos. 1 at 1; 19-1 at 3; 23 at 2).

Subsequently, Capalbo sought to vacate his sentence pursuant to § 2255 on the basis that his predicate offenses for his sentencing enhancement—robbery and battery offenses under Florida law—no longer qualified as violent felonies under the ACCA. *See Capalbo v. United States*, 763 F. App'x 904 (11th Cir.), *cert. denied*, 140 S. Ct. 150 (2019). The District Court for the Southern

District of Florida denied relief, and the Eleventh Circuit Court of Appeals affirmed, finding that Capalbo's arguments were foreclosed by circuit precedent. *See id*.

Capalbo now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241. (ECF Nos. 1 at 1 and 9). Capalbo makes two claims in his 2241 petition. First, he contends, as he did in his unsuccessful application for relief under § 2255, that his Florida conviction for aggravated assault pursuant to Fla. Stat. § 784.021 no longer qualifies as an ACCA predicate. (ECF No. 1-2 at 3–4). Capalbo contends that, unlike his § 2255 action, his identical claims in this action must be evaluated under the substantive law of the Fourth Circuit which dictates a different result than that reached by the Eleventh Circuit. *Id.* at 4. Specifically, Capalbo relies upon *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2015), for the proposition that a conviction under Fla. Stat. § 784.021 cannot serve as an ACCA predicate offense. (ECF No. 1-2 at 4). Second, Capalbo contends that his § 922(g) felon-in-possession conviction is no longer valid under *Rehaif v. United States*, 129 S. Ct. 2191 (2019), arguing that the government could not establish § 922(g)'s "knowledge" element. (ECF No. 1-2 at 8).

## II. Report of the Magistrate Judge

The magistrate judge correctly noted that Capalbo cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention." (ECF No. 23 at 5). *See* 28 U.S.C. § 2255(e). The savings clause is a "jurisdictional provision," and, accordingly, this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

It is well-settled in this circuit that to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must show that:

3

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  Subsequently, the Fourth Circuit articulated a four-part test for determining whether § 2255 is "inadequate or ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

As the magistrate judge correctly observed, "[i]n evaluating substantive claims under the savings clause," a district court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019).  The applicable "procedural law," however, is that of the district court's home circuit. *Id*.  Because Capalbo was convicted in the Southern District of Florida, the magistrate judge applied the substantive law of the Eleventh Circuit Court of Appeals. (ECF No. 23 at 6).

With respect to Capalbo's claim that his prior Florida convictions are not predicate violent felonies under the ACCA, the magistrate judge determined that Capalbo cannot satisfy the

requirements of § 2255(e)'s savings clause because he "cannot establish a substantive change in law." *Id*. at 6 n.3. The magistrate judge noted that the Eleventh Circuit had rejected this very argument in denying Capalbo's § 2255 petition and concluded that "Florida robbery and aggravated assault remain crimes of violence under current Eleventh Circuit authority." *Id*. at 6–7 n.3.[1] The magistrate judge rejected Capalbo's argument that the Fourth Circuit's *Torres-Miguel* decision is controlling because the substantive law of the circuit where he was convicted—the Eleventh Circuit—applies. (ECF No. 23 at 7 n.3).

As for his claim that the Supreme Court's decision in *Rehaif* renders his § 922(g) conviction invalid, the magistrate judge determined that Capalbo satisfied the first and third prongs of the *Jones* savings clause test. *Id*. at 8. However, the magistrate judge concluded that, based on Eleventh Circuit precedent, Capalbo failed to satisfy the second prong of the *Jones* test which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," 226 F.3d at 334. (ECF No. 23 at 14).[2] The magistrate judge concluded that Eleventh Circuit precedent reads *Rehaif* to "deem[] the conduct of which a defendant was convicted to not be criminal [only] if the government failed to meet its burden of proof." (ECF No. 23 at 10).[3] *Rehaif*, the magistrate judge explained, requires the government to establish only

---

[1] *See Capalbo v. United States*, 763 F. App'x 904 (11th Cir. 2019).
[2] The magistrate judge reached this conclusion despite Respondent's position that Capalbo can meet all three prongs of the savings clause under *Jones*. (ECF No. 19-1 at 10). Respondent contends that Capalbo is nonetheless not entitled to relief because he cannot prove a *Rehaif* error had a "substantial or injurious effect on the outcome of the proceedings." *Id*. at 11 (internal quotation marks omitted).
[3] For this conclusion, the magistrate judge relied on *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (explaining that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)") . . . the government must prove that the defendant knew he violated each of the material elements

5

that "defendant knew of his prohibited status, not that a defendant knew that he was specifically prohibited from possessing a firearm." *Id.* at 13 n.9. The magistrate judge noted that in presenting the factual basis to the court during Capalbo's change of plea hearing, the government offered Capalbo's post-arrest statement to police in which he stated, "I'm a convicted felon." *Id*. at 13. The magistrate judge further noted that "[a]fter a thorough and complete plea colloquy," Capalbo "affirmed that the government's Factual Basis was true and correct," and that Capalbo did not argue in his 2241 petition that he was unaware he had prior felony convictions. *Id.* at 13–14. Accordingly, the magistrate judge concluded that the conduct of which Capalbo was convicted continued to be criminal even after *Rehaif* and that Capalbo, therefore, could not satisfy the second prong of *Jones*. *Id.* at 14. The magistrate judge recommends that the court dismiss Capalbo's § 2241 petition without prejudice for lack of jurisdiction. (ECF No. 23 at 15). The court now turns to consider Capalbo's objections to the Report.

### III. Discussion

In objecting to the magistrate judge's conclusion that his prior Florida convictions remain predicate violent felonies under the ACCA, Capalbo continues to rely on Fourth Circuit precedent and takes exception to the application of Eleventh Circuit substantive law. (ECF No. 29 at 5). The court rejects these arguments. It is well-established in this circuit that, "[i]n evaluating substantive claims under the savings clause, . . . we look to the substantive law of the circuit where a defendant was convicted." *Hahn*, 931 F.3d at 301. This court has no power or authority to ignore binding precedent. Capalbo was convicted and sentenced in the Southern District of Florida which sits in the Eleventh Circuit; therefore, Eleventh Circuit substantive law applies. This objection is

---

of § 922(g)") and *In re Wright*, 942 F.3d 1063, 1064–65 (11th Cir. 2019) (same). (ECF No. 23 at 7, 14).

overruled. Likewise, for the same reasons—that is, because the court must apply the substantive law of the Eleventh Circuit—the court overrules Capalbo's objections to the extent that they are based on the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

Capalbo further challenges the Report on the grounds that he was unaware that it was illegal for him to possess a firearm and that the factual basis presented to the judge was, therefore, insufficient to support his guilty plea. (ECF No. 29 at 2–4, 7–9). The court rejects this contention as well. First, as explained by the magistrate judge, *Rehaif*, as viewed by the Eleventh Circuit, requires the government to establish that a defendant "knew of his prohibited status, not that a defendant knew that he was specifically prohibited from possessing a firearm." (ECF No. 23 at 13 n.9). *See Rehaif*, 139 S. Ct. at 2194 ("[T]he Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant *status* when he possessed it.") (emphasis added); *id*. at 2205 ("[T]he pointed use of the term 'knowingly,' as opposed to 'willfully,' in § 922(g), provides a ground to infer that Congress did not mean to require knowledge of illegality.") (Alito, J., dissenting); *United States v. Bates*, No. 18-12533, 2020 WL 2761051, at *10 (11th Cir. May 28, 2020) ("In *Rehaif*, the Supreme Court held that 18 U.S.C. § 922(g), when read in conjunction with § 924(a)(2), requires not only that the defendant know that he possesses a firearm, but also know of his status prohibiting him from doing so, *i.e.* in Bates's case, *know that he is a felon*.") (emphasis added). Second, as recognized by the magistrate judge, the government presented evidence during Capalbo's change of plea hearing establishing he knew he was a felon at the time of the conduct in question and Capalbo affirmed that the government's factual recitation was accurate. Additionally, Capalbo has not argued that he had no knowledge of his status as a felon. Under Eleventh Circuit precedent, Capalbo's conduct continues to be criminal under § 922(g) even after *Rehaif*. *See United States v. Hutchinson*, No. 19-11869, 2020 WL 2843463, at

*2 (11th Cir. June 1, 2020) (concluding *Rehaif* did not require plea to be vacated where "[t]he record sufficiently evidences that [Defendant] was aware of his status as a convicted felon when he possessed the firearm" as it was undisputed he had "four prior felony convictions -- each of which resulted in a sentence exceeding one year" and "never claim[ed] on appeal that he was actually unaware he was a convicted felon when he possessed the firearm"); *Bates*, 2020 WL 2761051, at *10.

Finally, Capalbo raises objections to the magistrate judge's conclusion that the court lacks jurisdiction because he failed to satisfy the prerequisites required by the savings clause of § 2255(e) for seeking relief under § 2241. Capalbo objects to the magistrate judge's ruling that the requirements of the savings clause are jurisdictional, claiming that such a conclusion runs contrary to the Fourth Circuit's decision in *Wheeler*. (ECF No. 29 at 8). This objection is clearly without merit as *Wheeler* expressly recognizes that "the savings clause requirements are jurisdictional." *Wheeler*, 886 F.3d at 426. And, because the savings clause requirements are jurisdictional, the court also dispenses with Capalbo's objection that the magistrate judge erroneously ignored the government's concession that Capalbo met all three prongs of the savings clause under *Jones*. (ECF No. 29 at 6–7). The court has an obligation to determine its subject matter jurisdiction regardless of the position taken by the litigants on the matter. *See Wheeler*, 886 F.3d at 426 (rejecting habeas petitioner's claim that government waived ability to argue that savings clause had not been satisfied).

### III. Conclusion

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 23) and incorporates it herein. Accordingly, having concluded that it lacks jurisdiction, the court dismisses Capalbo's § 2241 petition (ECF No. 1)

without prejudice. The Respondent's motion for summary judgment is denied as moot. (ECF No. 19).

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 29, 2020